ALBERTSON & YOUNG COMPANY, PLAINTIFF IN ERROR, v.
MARIA E. COTY, DEFENANT IN ERROR.

Argued March 9, 1900—Decided June 18, 1900.

C., the husband of the defendant, sublet a portion of certain leased prem-
ises to plaintiff for a store, retaining possession of part of the second
floor, to which the only means of access was through the store. Sub-
sequently he gave up his lease, and plaintiff leased the premises from
the owner, C. remaining in possession of the second floor after the
execution of the last lease. Afterwards C. surrendered possession of
the premises to the plaintiff, the defendant retaining a key to the door
of the store and continuing to occupy the rooms on the second floor.
The plaintiff demanded possession of so much of the building as defend-
ant occupied. *Held*, in ejectment, a nonsuit should not have been
granted, there being a sufficient case for the jury.

On error to the Atlantic Circuit Court. Tried at the
September Term, 1899, of said Circuit before Mr. Justice
Ludlow and a jury, and a nonsuit ordered.

For the plaintiff in error, *John W. Wescott* and *Francis
D. Weaver.*

For the defendant in error, *George Bourgeois.*

The opinion of the court was delivered by

VOORHEES, J. The writ of error in this matter brings
up a judgment of nonsuit entered in the Atlantic Circuit in
an action of ejectment. As nearly as can be ascertained from
the printed case, one Julius Coty, husband of the defendant
below, was, in or about the year 1884, in lawful possession
of the premises in dispute, viz., Nos. 2023 and 2025 Atlantic
avenue, Atlantic City, in which he lived and conducted busi-
ness until 1895, when a corporation was formed under the
name of the Coty & Albertson Company, which purchased
the said business, and, with the consent of the said Julius
Coty, took possession of the lower floor, or store part of said

building, the said Coty still retaining possession of part of the second floor, to which the only means of entrance was through the store. On April 5th, 1897, the right of possession of the said Julius Coty having expired, the said company leased the said premises from Lorenzo Bye, the then owner, for the term of five years. Afterwards, the name of the said company was duly changed to the Albertson & Young Company. Julius Coty, it appears, remained in possession of the rooms over the store for some little time after the execution of the above-mentioned lease. He then left Atlantic City, and it would appear from the evidence that his present residence is unknown. On March 28th, 1899, Julius Coty, notified the said last-named corporation in writing that he thereby surrendered possession of so much of said building as he had formerly occupied, and refused to be responsible for any further payments on account of rents for the same.

The defendant below, Maria E. Coty, had a key to the door of the store and continued to occupy the said rooms, going in and out by way of the store. The plaintiff, in writing, demanded possession of so much of said building as the defendant occupied. She refused to give up possession, whereupon this suit in ejectment was brought, and upon the termination of the case below the court ordered a nonsuit.

I am of the opinion that a sufficient case was made by the plaintiff to go to a jury and that the judgment of nonsuit should be reversed.

*For affirmance*—None.

*For reversal*—MAGIE (CHANCELLOR), DEPUE (CHIEF JUSTICE), VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 12.